UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMERICAN COMMERCE INSURANCE COMPANY, as subrogee of Donald W. Feuerstein,<br><br>             Plaintiff,<br><br>  v.<br><br>BRONKO CONSTRUCTION LLC and TOTAL CHIMNEY CARE LLC,<br><br>            Defendants. | 3:21-CV-1640 (CSH)<br><br><br><br><br>**FEBRUARY 2, 2022** |

## ORDER ON SUBJECT MATTER JURISDICTION

**HAIGHT, Senior District Judge:**

Plaintiff American Commerce Insurance Company ("American Commerce") brings this action, alleging breach of contract and negligence arising from a fire that occurred on March 23, 2020, at the property of Donald W. Feuerstein located at 422 Ridgeview Road, Orange, Connecticut 06477 (the "Property"). Specifically, Plaintiff alleges that embers from a fireplace located at the Property "escaped through the front of the glass doors and into an unprotected crack between the hearth and the fireplace, where the ember[s] came in contact with combustible materials, resulting in a fire." Doc. 1 ("Complaint"), ¶ 11. Under an applicable insurance policy, Feuerstein filed an insurance claim with American Commerce for extensive fire damage in the amount of $1,293,364.99. *Id.* ¶ 12. American Commerce paid the claim and, as subrogee of Feuerstein, now brings this action to recover the "fair and reasonable cost of the [fire] damage" against two defendants: Bronko Construction LLC ("Bronko"), the general contractor at the construction of the

1

Property, and Total Chimney Care LLC ("Total Chimney"), the entity that installed the fireplace at issue during the construction. *Id.* ¶¶ 9-10, 12-13 .

In light of the fact that Plaintiff brings solely state law claims, it bases the Court's subject matter jurisdiction over this action on diversity of citizenship under 28 U.S.C. § 1332(a).[1] Doc. 1, ¶ 5. Specifically, in the Complaint, Plaintiff asserts that the Court has subject matter jurisdiction over the action "pursuant to 28 U.S.C. § 1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000." *Id.*

To establish its own citizenship, Plaintiff alleges that American Commerce is a corporation, organized and existing under the laws of the State of Ohio, with its principal place of business located at 211 Main Street, Webster, MA 01570." *Id.* ¶ 1. Pursuant to 28 U.S.C. § 1332(c)(1), in general, a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."[2] Because Plaintiff is a corporation, pursuant to 28 U.S.C. § 1332(c), it is a citizen of the states of Ohio and Massachusetts.

With respect to Defendants, Plaintiff alleges that each is a limited liability company. Doc.

---

[1]   Because Plaintiff has asserted exclusively state law claims in the Complaint, there is no arguable ground upon which the Court may assert the alternative basis of "federal question" subject matter jurisdiction. 28 U.S.C. § 1331, captioned "Federal question," provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  No such federal law is implicated in this case.

[2]  The Court notes that there is an exception in § 1332(c) in which "any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of– [*inter alia,*] every State and foreign state of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(A).  In the main action in this case, however, the insurer is the plaintiff, rather than a defendant, so the insured's citizenship is not a factor in determining diversity at this time.

1, ¶¶ 3-4.  To establish citizenship, Plaintiff states that defendant Bronko is "a limited liability company organized and existing under the laws of the State of Connecticut, with its principal place of business located at 34 Fairfield Court, Naugatuck, CT 06770." *Id.* ¶ 3.  In  similar fashion, Plaintiff alleges that defendant Total Chimney is "a limited liability company organized and existing under the laws of the State of Connecticut, with its principal place of business located at 116 Research Drive, Unit P, Milford, CT 06460." *Id.* ¶ 4. These statements regarding the citizenship of Defendants are insufficient to establish diversity of citizenship.

"[A] limited liability company . . . takes the citizenship of *each of its members*." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (emphasis added). *See also Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*.") (emphasis added), *cert. denied,* 549 U.S. 1047 (2006).   Put simply, "the citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 CIV. 1621 (BMC), 2007 WL 1299251, at *1 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction). To establish the citizenship of a limited liability company, Plaintiff must provide both the identity and citizenship of each of its members.

In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants.[3] *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409

---

[3]  There must also be a minimum amount in controversy exceeding "$75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a).  Plaintiff has met that jurisdictional minimum by alleging damages in the amount of $1,293,364.99 together with the cost of this action."  Doc. 1, at 3-6

F.3d 73, 80  (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Moreover, "diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).  *See also Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999)  ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed – the 'time-of-filing' rule.").

Accordingly, in the case at bar, to establish diversity of citizenship jurisdiction, Plaintiff must establish the identities and citizenship of each member of each Defendant limited liability company (*i.e.*,  those who hold an equity interest in these  LLCs).  Plaintiff must thus provide the identity and citizenship of each member of Bronko and each member of Total Chimney.  Moreover, for diversity purposes, the relevant date for citizenship of these entities is the date this action was commenced, December 9, 2021.[4]

### CONCLUSION AND ORDER

It is incumbent on a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court must consider its subject matter jurisdiction *sua sponte*.  *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006), *cert. denied*, 549 U.S. 1282 (2007); *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991), *cert. denied*, 502 U.S. 1060 (1992).

---

(prayers for relief).

[4]  Plaintiff filed its Complaint on December 9, 2021, which is the commencement date of this action for diversity purposes.

Unlike failure of personal jurisdiction, "failure of subject matter jurisdiction is not waivable." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3); *Lyndonville*, 211 F.3d at 700-01. *See also, e.g., Daly v. Citigroup Inc.*, 939 F.3d 415, 425 (2d Cir. 2019) ("A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it.")(quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)), *cert. denied*, 140 S. Ct. 1117, 206 L. Ed. 2d 185 (2020).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113. *See also Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ("The burden of proving jurisdiction is on the party asserting it."). Therefore, in order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS that on or before **February 24, 2022**, Plaintiff must establish, by affidavit, the Defendants' citizenship for diversity purposes as of the date this action was commenced, December 9, 2021.[5]

In particular, the affidavit(s) must explicitly set forth the identities and state(s) of citizenship of each member of Bronko Construction LLC and each member of Total Chimney Care LLC. If

---

[5] The Court notes that both Defendants have appeared in the action through counsel. Doc. 9, 10, 17. Counsel for all parties are directed to confer in cooperation, if necessary, to enable Plaintiff to prepare affidavit(s) regarding citizenship of the Defendants.

Moreover, to the extent that Bronko and Total Chimney may not be diverse from each other, and Bronko has asserted a "cross-claim" against Total Chimney in its Answer [Doc. 11], "[f]ederal courts have supplemental jurisdiction over cross-claims between non-diverse co-parties under 28 U.S.C. § 1367(a)." *Burrell-Hamilton v. Oden*, No. 17-CIV-2634 (PGG)(JLC), 2020 WL 1271366, at *2 (S.D.N.Y. Mar. 16, 2020) (citing *Hammond v. Toy Indus. Ass'n, Inc.*, 8 F. Supp. 3d 484, 488 (S.D.N.Y. 2014) ("With respect to the cross-claims ..., the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) wherever diversity jurisdiction does not exist.")).

members are individuals, Plaintiff must provide their states of domicile.[6] If members are corporations, Plaintiff must indicate all states of incorporation and the principal place of business for each corporation.  28 U.S.C. § 1332(c)(1).  If members include any limited liability company, Plaintiff shall establish  the citizenship of each member of said limited liability company.

All existing case deadlines are hereby STAYED pending the Court's determination on subject matter jurisdiction. If upon review of Plaintiff's affidavit(s) the Court determines that it possesses subject matter jurisdiction, the action may proceed.  The Court will then set new case deadlines, taking into consideration those proposed by the parties in their recent "Report of Rule 26(f) Planning Meeting" [Doc. 21].

Otherwise, in the absence of subject matter jurisdiction, the Court will dismiss the  action without prejudice to Plaintiff filing the action, if so advised, in  an  appropriate jurisdiction.

It is SO ORDERED.

Dated: New Haven, Connecticut
       February 2, 2022


*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[6] An individual's citizenship for diversity purposes is determined by his or her domicile, not residence.  *See  Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  A person's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Id.* (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).  While an individual may have several residences, he or she can have only one domicile. *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992).